IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES ODIS SOWELL JR., )
)
        Plaintiff, )
)
v. ) 1:15CV757
)
JOSHUA WALSH, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Plaintiff James Odis Sowell Jr.'s and Defendant Joshua Walsh's motions for summary judgment. (Docket Entries 16, 18.) For the following reasons, the Court recommends that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## I. BACKGROUND

Plaintiff, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on September 15, 2015. (Compl., Docket Entry 2.) Plaintiff alleges that on August 20, 2013, Defendant obtained a warrant for the arrest of Plaintiff. (*Id.* at 3.) Plaintiff further asserts that on August 22, 2013, he was arrested and charged for a crime he did not commit. (*Id.*) According to the police report, the suspect attempted to rob the victim with an object in a grocery store parking lot. (Pl.'s Summ. J. Mot. at 6, Docket Entry 16-2.) Plaintiff contends that the physical description given by the victim of the suspect did not match him. (Compl. at 3, Docket Entry 2.) Plaintiff further states that the color of his

1

vehicle did not match the description of the vehicle that the suspect used to flee the scene of the crime. (*Id.*) Plaintiff also asserts that he was not driving because his driver's permit was suspended. (*Id.*) On May 25, 2014, Plaintiff had a trial by jury which lasted until May 28, 2014. (*Id.*) Plaintiff was ultimately found not guilty. (*Id.*) Plaintiff contends that as a result of being incarcerated he lost his job and accumulated "a tremendous amount of debt." (*Id.*) Plaintiff also asserts that as a result of his incarceration his father almost became a ward of the state and his wife and young daughter became homeless. (*Id.* at 4.) Plaintiff contends that his family lost a "place to live, cars, clothes . . . ., everything." (*Id.*) Lastly, Plaintiff contends that Defendant submitted Plaintiff's "name, picture and address on public T.V. (Crime Stoppers) stating that [Plaintiff] committed a crime." (*Id.*)

As a result of Defendant's alleged actions, Plaintiff seeks 5,000,000 dollars in monetary and punitive damages. (*Id.* at 5.) On June 9, 2016, Plaintiff filed a motion for summary judgment. (Docket Entry 16.) On August 2, 2016, Defendant filed a motion for summary judgment. (Docket Entry 18.)

## II. STANDARD OF REVIEW

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate the presence of a

genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When making a summary judgment determination, the Court must view the evidence and justifiable inferences from the evidence in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913. However, the party opposing summary judgment may not rest on mere allegations or denials, and the Court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). "[T]he pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits" should be viewed in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *Gray v. Farley*, 13 F.3d 142, 145 (4th Cir. 1993) (internal citation and quotations omitted). "In essence, a summary judgment must be granted if no genuine issue of material fact remains such that a reasonable jury could not return a verdict for a nonmoving party." *Gray*, 13 F.3d at 145 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1987)) (quotation omitted).

### III. DISCUSSION

In support of his motion for summary judgment Defendant alleges the following grounds: (1) Defendant is shielded from Plaintiff's claims of false arrest and malicious prosecution based on the doctrine of public official immunity (Def.'s Summ. J. Mot., at 5-10, Docket Entry 19), and (2) Plaintiff has failed to forecast evidence to support his 1983 claim and that Defendant is shielded from liability under the qualified immunity doctrine. (*Id.* at 10-16.) In support of his motion for summary judgment Plaintiff asserts that the facts

3

detailed below indicate that Defendant used false information and forged documents to procure a warrant for Plaintiff's arrest. (Pl.'s Summ. J. Mot. at 1-3, Docket Entry 16.)

A. Defendant's Motion for Summary Judgment

Plaintiff asserts that Defendant is liable for false arrest and false incarceration. (Compl. at 2, Docket Entry 2.) Defendant contends that both qualified immunity and public official immunity shield him from liability.[1] (Def.'s Summ. J. Mot., at 5-16, Docket Entry 19.) The Fourth Circuit has established "that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such an official can be pursued through a cause of action for malicious prosecution."[2] *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Assa'ad-Faltas v. Carter*, No. 1:14CV678, 2014 WL 4566037, at *13 (M.D.N.C. Sept. 15, 2014), *report and recommendation adopted*, No. 1:14-CV-678, 2014 WL 5361342 (M.D.N.C. Oct. 21, 2014), *aff'd*, 610 F. App'x 245 (4th Cir. 2015) ("A public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.") (internal citation and quotations omitted). Here, it is clear that Defendant is a public official and there was probable cause to obtain an arrest warrant.[3] "Therefore, his claim must be one for malicious prosecution, rather than false arrest or imprisonment." *Fiore v. Benfield*, No. 1:15CV271, 2015 WL 5511156, at *2 (M.D.N.C. Sept. 16, 2015) (internal

---

[1] It is unclear from Plaintiff's complaint whether his false imprisonment claim and false incarceration claims are based on state law or pursuant to §1983.
[2] Similarly, "where a person is arrested by law enforcement personnel pursuant to a facially valid warrant, there can be no cause of action for false imprisonment asserted against the party causing the arrest, because the arrest has been made pursuant to lawful authority." *Dorn v. Town Of Prosperity*, 375 F. App'x 284, 287 (4th Cir. 2010) (internal citation omitted and quotation omitted).
[3] A discussion of why there was probable cause to obtain an arrest warrant can be found below.

4

citation and quotation omitted). "Although 'it is not entirely clear whether there is a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (citing *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009)). As the Fourth Circuit has recognized "'for probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required.'" *Id.* at 191 (citing *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir.2002)).

Here, Plaintiff was not subject to an unreasonable seizure because Defendant had probable cause to arrest Plaintiff. This case is similar to *Brown v. Wiita*, in which the plaintiff Robert Brown was arrested for a crime he did not commit. 7 F. App'x 275, 277 (4th Cir. 2001). The Court held that the officer's decision to arrest the plaintiff was objectively reasonable in light of the circumstances because

> [(1)] Robert David Brown and the individual identified in the capias—"Robert Brown"—shared the same first and last names, (ii) . . . the physical description of "Robert Brown" provided by the undercover officer matched quite closely Robert David Brown's description in the VCIN database, (iii) . . . consistent with information concerning "Robert Brown," Robert David Brown lived in the Smith Mountain Lake area, and (iv) . . . the VCIN search identified only one individual with the first name, "Robert," and the last name, "Brown," matching the physical description of the suspect "Robert Brown" and living in the Smith Mountain Lake area. Based on this evidence, it was objectively reasonable for Lieutenant Wiita to conclude that Robert David Brown was the "Robert Brown" identified in the capias, even though this conclusion proved later to be mistaken.

*Id.* at 279.

5

Here, an attempted robbery occurred in a grocery store parking lot. (Pl.'s Summ. J. Mot. at 6, Docket Entry 16-2.) According to the officer that reported to the scene of the crime, the victim

> stated that as he was at his vehicle with his shopping cart to load groceries into his car he was approached by the suspect. The suspect approached from his rear approx 6 parking spots away and stuck an[] object into the left side of [the victim]. [The victim] stated that he believed the object to be a knife or a set of car keys. This is based on how the item felt and he was unable to visually identify the item. The suspect demanded that [the victim] hand over his money. At this point, [the victim] stepped away from the suspect and grabbed a rake from the bed of his truck. The suspect then stated "you don't want to do this[.]"[] [The victim] was able to get a hold of his phone to begin dialing 911 and at this point the suspect fled to his car and headed west on North Point Drive. [The victim] identified the suspect vehicle as a red jeep liberty with partial tag #BJM. [The victim] identified the suspect as a black male approx. 40 years of age, approx. 5'4"-5'6", approx., 200 lbs with short dark hair and wearing a dark shirt. A BOLO for the su[s]pect was put out over the radio. Kroger employees advised that surveillance equipment is present but they could not access the footage until the morning shift arrives.

(*Id.* at 4.)

Similar to *Brown*, Plaintiff is unable to establish a constitutional violation because, although the underlying criminal proceedings were terminated in his favor, the prosecution was supported by probable cause. Like in *Brown*, where the description of the suspect closely resembled the plaintiff, the description of the suspect, in this case, was also very similar to Plaintiff. "[The victim] identified the suspect as a black male approx. 40 years of age, approx. 5'4"-5'6", approx., 200 lbs with short dark hair and wearing a dark shirt." (*Id.*) Plaintiff is an African American male, he weighs 250 pounds and he is 5'8. (*Id.* at 5.)[4] Furthermore,

---

[4] Plaintiff contends that he is bald but Plaintiff's computerized criminal history indicates that he has black hair. (Pl.'s Summ. J. Mot. at 5, Docket Entry 16-2.)

6

the victim was able to point Defendant out in a photo array. (Pl.'s Summ. J. Mot. at 8-10, Docket Entry 16-2.) The victim stated that he was 100% certain that the photo graph of the Plaintiff matched the assailant. In addition, the vehicles owned by the suspect and Plaintiff were very similar. The suspect drove a red Jeep Liberty. (*Id.* at 4.) Plaintiff drove a burgundy Jeep Liberty. (*Id.*) Lastly, the victim could only identify a portion of the suspect's license plate, the letters BJM. (*Id.*) These same letters matched Plaintiff's license plate in the same sequence. (*Id.*) The Court concludes that, based on these facts, Defendant had probable cause to obtain a warrant to arrest Plaintiff. *Durham*, 690 F.3d at 190 (concluding that there was probable cause to arrest the plaintiff named Michael Durham even though he was later found not guilty of selling drugs because a confidential informant identified the drug dealer as Michael Durham three times, he lived in the same town as the suspect, the plaintiff had a Tennessee driver's license, the suspect had a Tennessee license plate, and the plaintiff's criminal history included two drug-related convictions).

Plaintiff contends that the victim never identified Plaintiff as his assailant and that Defendant intentionally used forged documents to obtain an arrest warrant. (Pl.'s Summ. J. Mot. at 3, Docket Entry 16.) According to Plaintiff another officer named Amanda Craig conducted the photo array with Plaintiff and forged the corresponding documents to reflect that the victim identified Plaintiff as his assailant. (*Id.* at 2-3.) In his summary judgment motion, Plaintiff directs the Court's attention to the Sequential Identification Form. (*Id.*; Docket Entry 5 at 8-10.) Plaintiff suggests that the Court compare the way Officer Craig writes her numbers to the numbers filled in on the Sequential Identification Form in the areas

7

designated for the victim to enter information. (Pl.'s Summ. J. Mot. at 2-3, Docket Entry 16.) Plaintiff argues that Officer Craig fraudulently filled out proportions of the Sequential Identification Form that were supposed to be filled out by the victim. (*Id.*) Plaintiff contends that this is apparent based on a comparison of the writing style displayed by the signatures and date signed by the victim and Officer Craig. (*Id.* at 3.)

"Under North Carolina common law, police officers are considered public officials." *Smith v. Munday*, No. 5:12-CV-202, 2014 WL 7341196, at *6 (W.D.N.C. Dec. 23, 2014) (citing *Schlossberg. Goins,* 540 S.E.2d 59, 56 (N.C. Ct. App. 2000)). "Police officers enjoy absolute immunity from personal liability for their discretionary acts done without corruption or malice." *Id.* (internal quotation and citation omitted). "An officer acts with malice if the act is (1) done wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Id.* (internal quotation and citation omitted).

Assuming arguendo that Officer Craig did fraudulently forge the photo identification forms, there is no evidence that Defendant condoned and participated in creating any fraudulent document. Plaintiff only provides conclusory allegations that Defendant knowingly used forged documents to obtain the arrest warrant. *Id.* (applying the public official doctrine because "no evidence of malicious or corrupt conduct" was presented by the Plaintiff); *Whitlock v. Greenlee*, No. 1:10CV958, 2013 WL 6247259, at *9 (M.D.N.C. Dec. 3, 2013), *report and recommendation adopted*, No. 1:10-CV-958, 2014 WL 820299 (M.D.N.C. Mar. 3, 2014) (concluding that "[e]ven if a jury determines that probable cause was lacking as to the search of the vehicle and subsequent arrest, it still remains that the record is devoid of any

8

evidence showing maliciousness or corruption by Defendant"); *see also Bishop v. Cty. of Macon*, 620 F. App'x 148, 150 (4th Cir. 2015) ("Here, the [plaintiffs] have neither alleged nor presented any evidence demonstrating that [the defendants] acted maliciously, corruptly, or outside the scope of their official authority. Moreover, [the plaintiffs'] mere allegations of gross negligence cannot defeat immunity."); *Smith v. Garcia*, No. 5:08-CV-577-D, 2010 WL 3361653, at *4 (E.D.N.C. Aug. 20, 2010) (conduct was not "corrupt or malicious" and he did not act "outside of and beyond the scope of his duties" notwithstanding allegations that Defendant shot the plaintiff and took too long to call a medic). Thus, Plaintiff's malicious prosecution claim fails because there was probable cause to arrest Plaintiff and Plaintiff failed to provide evidence creating a genuine issue of material fact regarding whether Defendant was corrupt or acted with malice.

B. Plaintiff's Motion for Summary Judgment

Being pro se, Plaintiff's motion for summary judgment is organized in a manner in which Plaintiff states separate facts and provides an argument to support each fact. (Pl. Summ. J. Mot. at 1-4, Docket Entry 16.) First, Plaintiff states that neither he nor his vehicle fit the description of the suspect or the vehicle at issue in this case. (*Id.* at 1-2.) As stated above, coupled with the photo identification, the Court finds that the description of the suspect and Plaintiff were close enough to obtain an arrest warrant.

Next, Plaintiff contends that because Defendant did not see video footage of the incident, there was no evidence tying Plaintiff to the scene of the crime. (*Id.* at 2.) Plaintiff also contends that Defendant never saw the tag number on the vehicle leaving the scene of

9

the crime. However, the information obtained from the victim and the photo array provided sufficient evidence to establish probable cause to obtain an arrest warrant under the circumstances.

Lastly, Plaintiff contends that Defendant "knew or at least should have known that he had the wrong person . . . [and that Defendant] used forged documents and false information to procure a warrant for [Plaintiff's] arrest."[5] (*Id.* at 3.) However, the test is not whether Defendant knew or should have known that he had the wrong person and used false documents to obtain a warrant. Plaintiff has not satisfied the test to establish that there is sufficient evidence to overcome the defense of public official immunity. As discussed above, Plaintiff has failed to point to evidence that creates a genuine issue of material as to whether Defendant acted "wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another." *Smith*, 2014 WL 7341196, at *6. Thus, the Court finds Plaintiff's argument meritless.

C. Plaintiff's Defamation Claim

In his complaint, Plaintiff also contends that Defendant "viciously slandered [Plaintiff's] character on public T.V." by "run[ning] [his] name, picture and address on public T.V. (Crime Stoppers)." (Compl. at 4, Docket Entry 2.) According to North Carolina law "[s]poken communication to a third person of false and defamatory words which 'tend to prejudice another in his reputation, office, trade, business, or means of livelihood' is actionable

---

[5] Plaintiff's only other argument is that Officer Craig identified Plaintiff as the assailant by fraudulent means. (Pl. Summ. J. Mot. at 2-3, Docket Entry 16.) The Court has already addressed this argument in the previous section.

10

slander.'" *Averitt v. Rozier*, 119 N.C. App. 216, 218, 458 S.E.2d 26, 28 (1995) (citing *Morrow v. Kings Department Stores*, 57 N.C. App. 13, 20, 290 S.E.2d 732, 736, *disc. review denied* 306 N.C. 385, 294 S.E.2d 210 (1982)). "Slander *per se* is an oral communication to a third person which amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." *Averitt*, 119 N.C. App. at 218, 458 S.E.2d at 28. (internal citation omitted). A qualified privilege may apply to statements that are otherwise considered defamatory. *Shillington v. K-Mart Corp.*, 102 N.C. App. 187, 194-95, 402 S.E.2d 155, 159 (1991). The qualified privilege applies to a defamatory statement

> when made (1) in good faith, (2) on subject matter (a) in which the declarant has an interest or (b) in reference to which the declarant has a right or duty, (3) to a person having a corresponding interest, right, or duty, (4) on a privileged occasion, and (5) in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.

*Id.* (citing *Shreve v. Duke Power Co.*, 97 N.C. App. 648, 650-51, 389 S.E.2d 444, 446 (1990)).

Here, the evidence, when considered in the light most favorable to Plaintiff, establishes that Defendant submitted Plaintiff's information to Crime Stoppers. "Where the occasion is privileged, there is a presumption that the defendant acted in good faith and the plaintiff has the burden of proving that the statement was made with actual malice." *Averitt*, 119 N.C. App. at 219, 458 S.E.2d at 29. "If the plaintiff cannot show actual malice, the qualified privilege becomes an absolute privilege, and there can be no recovery even though the statement was false." *Id.* The circumstances show that Plaintiff's information was submitted to Crime Stoppers in the course of a privileged occasion. It is axiomatic that "a

11

police officer has an interest in undertaking an investigation into allegations of criminal conduct and in engaging in good faith effort" to reach out to someone that has information about a suspect. *Id.* Furthermore, the public has an interest in knowing the identity of a potential dangerous suspect. *McCray v. Chapel Hill Police Dep't*, No. 1:06CV984, 2008 WL 762260, at *14 (M.D.N.C. Mar. 19, 2008), *aff'd*, 289 F. App'x 605 (4th Cir. 2008) (concluding that the defendant's statement to the plaintiff's wife indicating that she should get tested for AIDS because one of the women the plaintiff raped had AIDS "falls well within the ambit of the qualified privilege described by the North Carolina Court of Appeals"); *Averitt*, 119 N.C. App.at 219, 458 S.E.2d at 29 (holding that statements made by the defendants during the course of their investigation to the alleged victim and a potential witness suggesting that the plaintiff had kidnapped and murdered an investigator who had been employed by the plaintiff's former wife were protected by the privilege); *Kling v. Harris Teeter Inc.*, 338 F. Supp. 2d 667, 673 (W.D.N.C. 2002), *aff'd*, 86 F. App'x 662 (4th Cir. 2004) (holding that the defendant was not liable for written libel for executing an arrest warrant for larceny because the plaintiff failed to establish that evidence that the defendant acted with malice). Plaintiff failed to come forward with any evidence to rebut the presumption that defendant was acting in good faith by submitting Plaintiff's information to crime stoppers or to show that defendant Johnson was acting with actual malice. Thus, Plaintiff's deformation claim fails because Defendant's qualified privilege applies to his submission of Plaintiff's information to Crime Stoppers.

12

## IV. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that the Court **GRANT** Defendant's motion for summary judgment (Docket Entry 18).

The Court **FURTHER RECOMMENDS** that Plaintiff's motion for summary judgment (Docket Entry 16) be **DENIED.**

Joe L. Webster
United States Magistrate Judge

November 10, 2016
Durham, North Carolina

13